UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATTY A. BROWN,                    :      **CIVIL NO. 1:09-CV-2529**
                                   :
            Plaintiff              :      (Judge Jones)
                                   :
      v.                           :      (Magistrate Judge Smyser)
                                   :
BULL'S EYE EXPRESS,                :
                                   :
            Defendant              :


**REPORT AND RECOMMENDATION**


**Introduction**.

        On December 24, 2009, the plaintiff, Patty A. Brown,

commenced this action by filing a complaint.  She claims that

the defendant, her former employer, discriminated against her

because she is a female.  She worked for the defendant as a

truck driver.  She claims that the defendant treated her less

favorably than male employees by not providing a raincoat to

her when she was required to perform outdoor work in the rain

although raincoats were provided to male employees.  She claims

sex-based discrimination as to employer-provided uniforms, as

to overtime and pay, and as to job assignments.  She was

discharged from her employment, and she claims that her termination was the result of sex-based discrimination.  The plaintiff brings her claims pursuant to Title VII, 42 U.S.C. § 2000e et seq.  The plaintiff is *pro se* and is proceeding *in forma pauperis*.  We denied two motions of the plaintiff asking the court to appoint an attorney to represent her.

The defendant filed an answer on August 3, 2010.  A Case Management Order was entered on August 4, 2010.

On March 31, 2011, the defendant filed a motion for summary judgment.  A supporting brief was filed.  The defendant attached evidentiary documentation to the brief, including a transcript of the deposition of the plaintiff.  No LR 56.1 statement was filed.  On April 29, 2011, an Order was entered directing the defendant to file a LR 56.1 statement.  The defendant filed a LR 56.1 statement on May 9, 2011.  The plaintiff filed a LR 56.1 statement and legal argument on June 6, 2011.

2

**The Summary Judgment Analytical Framework**.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or

3

other materials" or "showing that the materials cited do not

establish the absence . . . of a genuine dispute." Fed.R.Civ.P.

56(c).

A material factual dispute is a dispute as to a factual

issue the determination of which will affect the outcome of the

trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986).  "Only disputes over facts that might

affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a

genuine dispute about a material fact. *Id.* at 248.  A dispute

as to an issue of fact is "'genuine' only if a reasonable jury,

considering the evidence presented, could find for the non-

moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d

Cir. 1988).  "Where the record taken as a whole could not lead

a rational trier of fact to find for the non-moving party,

there is no 'genuine issue for trial.'" *Matsushita Elec.*

*Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

"If the evidence is merely colorable . . . or is not

4

significantly probative . . . summary judgment may be granted."
*Anderson, supra,* 477 U.S. at 249-50.  In determining whether a
genuine issue of material fact exists, the court must consider
all evidence in the light most favorable to the non-moving
party.  *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d
Cir. 1988).

At the summary judgment stage, the judge's function is
not to weigh the evidence or to determine the truth of the
matter, but it is to determine whether there is a genuine issue
for trial. *Anderson, supra,* 477 U.S. at 249.  The proper
inquiry of the court in connection with a motion for summary
judgment "is the threshold inquiry of determining whether there
is the need for a trial - whether, in other words, there are
any genuine factual issues that properly can be resolved only
by a finder of fact because they may reasonably be resolved in
favor of either party." *Id.* at 250.

Summary judgment is warranted, after adequate time for
discovery and upon motion, against a party who fails to make a
showing sufficient to establish the existence of an element

5

essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex, supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

**The McDonnell Douglas Analytical Framework**.

Discrimination claims are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972). *Wishkin v. Potter,* 476 F.3d 180, 185 (3d Cir. 2007). The *McDonnell Douglas* "framework has three steps: (1) the plaintiff bears the burden of establishing a prima facie case of discrimination; (2) the burden then shifts to the defendant, who must offer a legitimate non-discriminatory reason for the action; and (3) if the defendant satisfies this burden, the plaintiff must then come forth with evidence indicating that the defendant's proffered reason is merely a

pretext." *McNemar v. Disney Store, Inc.*, 91 F.3d 610, 619 (3d Cir. 1996).

### The *Prima Facie* Case of Discrimination.

To establish a *prima facie* case of employment discrimination, a plaintiff must show (1) that she belongs to a protected class, (2) that she was qualified for her position, (3) that she was subjected to an adverse employment action, and (4) that the adverse action occurred under circumstances that raise an inference of discrimination. *Sarullo v. United States Postal Serv.,* 352 F.3d 789, 797 (3d Cir.2003) (citing *McDonnell Douglas, supra,* 411 U.S. at 802).

### Legitimate Nondiscriminatory Reason.

Once the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant to articulate some legitimate nondiscriminatory reason for the adverse employment decision. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). An employer satisfies its burden of production by introducing evidence which would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment

decision. *Id.*  "The employer need not prove that the tendered reason *actually* motivated its behavior, as throughout this burden-shifting paradigm the ultimate burden of proving intentional discrimination always rests with the plaintiff." *Id*.

**<u>Pretext</u>**.

Once the defendant meets its relatively light burden by articulating a legitimate reason for its action, the burden of production rebounds to the plaintiff.  To defeat summary judgment the plaintiff must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. *Fuentes*, *supra,* 32 F.3d at 764.  To avoid summary judgment, "the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a fact finder reasonably to infer that *each* of the employer's proffered non-discriminatory reasons was either a *post hoc* fabrication or otherwise did not actually motivate the

8

employment action (that is, the proffered reason is a pretext)." *Id.* (citations omitted).  "To discredit the employer's proffered reason, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether a discriminatory animus motivated the employer, not whether the employer is 'wise, shrewd, prudent, or competent.'" *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 331 (3d Cir. 1995).  Rather, the plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the employer's proffered reasons that a reasonable fact finder could rationally find the proffered reasons unworthy of credence and infer that the employer did not act for those asserted reasons. *Fuentes*, *supra*, 32 F.3d at 765.

**The Summary Judgment Evidence**.

The summary judgment evidence consists of the transcript of the December 29, 2010 deposition of the plaintiff Patty Brown (Doc. 16-1), a January 18, 2008 declaration of Patty Brown (Doc. 16-1, Exh. B), the letter of January 13, 2005 from Rick Keller, President, Bull's-Eye Express Inc., to Patty

9

Brown (Doc. 16-1, Exh. C), the letter of February 18, 2005 from Rick Keller to Patty Brown (Doc. 16-1, Exh. D), the letter of July 19, 2005 to Patty Brown, signed by her, upon her assignment to work as a jockey/local driver (Doc. 16-1, Exh. E), the letter of July 9, 2005 to Patty Brown from Rick Keller terminating her employment (Doc. 16-1, Exh. F), the first page of a statement of Patty Brown dated February 21, 2006 (Doc. 16-1, Exh. G) and a copy of a United States Equal Employment Opportunity Commission Conciliation Agreement (Doc. 16-1, Exh. H).

Although all of the foregoing is in the summary judgment record, we are mindful of Rule 56(c)(4) of the Federal Rules of Civil Procedure, which provides:

> ***Affidavits or Declarations***.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

There are no affidavits in the summary judgment record.  An affidavit is often, if not always, necessary to state the context and significance of a document such as a letter.

The defendant contends that the summary judgment evidence establishes that it is not genuinely in dispute that the plaintiff was allowed to change job assignments to a local shuttle driver in order to accommodate her schedule; that overtime hours were granted to shuttle drivers on a seniority basis and that the plaintiff was the least senior of the three shuttle drivers; that on a single rainy day a raincoat could not initially be found for the plaintiff but that within a few hours a raincoat was found for her; that the plaintiff left a job site without proper authorization because she had a personal appointment; and that, on August 25, 2005, the plaintiff was discharged for leaving a job site without authorization and for yelling and cursing at the customer. Doc. 16, page 3.

The plaintiff asserts that not all of the defendant's stated factual points are undisputed. *See* Plaintiff's Responses to Defendant's Statement of Material Facts (Doc. 20).

**Discussion**.

The defendant makes this argument:

Factually, neither the allegations in the
Complaint nor Plaintiff's deposition testimony
meets her legal burden to establish a nexus
between the alleged unfair conduct of employer
to her gender. The specific incidents
complained of are trivial and represent minor
issues of alleged unfairness in the workplace.
No human endeavor is free of perceived unfair
conduct on the part of any party including the
workplace. Plaintiff's Complaint and Deposition
clearly falls into an "I was treated unfairly"
analysis devoid of the required factual support
which would give rise to an inference of
discrimination. A fair review of Defendant's
conduct on the contrary shows that Bull's Eye
Express is an employer not only attempting to
accommodate Plaintiff's family needs, but
surprisingly willing to rehire her subsequent
to her termination and the filing of a
discrimination Complaint.

Doc. 16, page 5.  The argument is an argument that the

plaintiff has not presented a *prima facie* case of employment

discrimination based on sex.


The plaintiff, a woman, alleges that she was subjected

by the defendant to adverse employment actions including

termination.  In her complaint, she identifies as those alleged

adverse employment actions that she was not given rain gear at

a time when the employer required her to work outdoors during a
rainfall, that she was directed by her employer to perform work
that was outside of her job title and prescribed job duties,
that she was not treated equally in comparison to male
employees as to matters involving pay, overtime and uniforms,
and that her employment was terminated.

**The Rainy Day Incident**.

The plaintiff claims in her complaint that on one
occasion during a rainfall male employees were provided by the
employer with rain gear when she was not.  She asked for a
raincoat, and the dispatcher said "no".  Doc. 16, Brown Dep.,
p. 35.

The defendant's explanation stated in its brief for not
providing a raincoat to the plaintiff is that one could not be
found.  Assuming *arguendo* that the explanation in the brief
satisfies Rule 56 criteria, the defendant has provided a
legitimate non-discriminatory explanation.  The defendant
argues as to the raincoats claim that "[t]he incident clearly

13

does not allege discriminatory nexus, only the absence of a raincoat, which was later provided."  Doc. 16, page 5.

The plaintiff must show there to be a genuine dispute as to the issue whether the employer's explanation is a pretext.  The plaintiff testified in her deposition that when she asked for a raincoat, although it was raining and although the men had raincoats, the dispatcher said, "no".  Brown Dep., page. 35.  No further evidence about the interchange between the plaintiff and the dispatcher is presented in the summary judgment record.

There is no evidence that the plaintiff was told that the reason that she was not being provided with a raincoat, as had been the male employees, was that the raincoat inventory had been exhausted or that one could not be found.  When she asked for a raincoat, she was told "no".  The non-discriminatory reason advanced by the defendant is not based on summary judgment evidence.  There is a dispute as to whether there was a non-discriminatory reason for raincoats to have

14

been provided to male workers and not until hours later to the plaintiff.

The defendant has not established that it is entitled to summary judgment as to this claim of sex discrimination.

**The Assignment of an Over-the-Road Delivery to a Shuttle Driver**.

The plaintiff claims that she was a shuttle driver, not an over-the-road driver, but was directed on August 18, 2005 to perform an over-the-road delivery.  But she does not claim that male shuttle drivers were not similarly directed by the employer to perform over-the-road deliveries.  Summary judgment in favor of the defendant as to this claim is warranted.

**The Termination Incident**.

The plaintiff claims that she was terminated from her job for not completing the unloading of her load before returning to her employer's base, and was not paid, and she claims that a male employee, Poleman Brown (her husband at the time) was not terminated from his job, and was paid, although

he too had not completed the unloading of his load before returning to the Bull's-Eye Express terminal.

The defendant does not show that there is not a genuine dispute as to the threshold *McDonnell Douglas* issues as to the plaintiff's claim of sex discrimination in the termination of her employment.  She was subjected to an adverse employment action, a termination.  Another employee, a male, Poleman Brown, was not terminated although he conducted himself in materially the same manner as had she.

The defendant asserts that it had a reasonable basis for her termination, and that the plaintiff is arguing merely that the termination was not reasonable.  The basis stated in the defendant's brief for the plaintiff's termination is a legitimate non-discriminatory reason, that she did not complete the delivery of her load before returning to the Bull's-Eye Express terminal.  We agree that it could be reasonable for a trucking company to terminate a driver who returned without delivering the load in the absence of a sound reason.

16

The defendant presents as the basis for its position

that it had a non-discriminatory basis for firing the plaintiff

a copy of a document that on its face is a letter of August 24,

2005 from Rick Keller, President, Bull's-Eye Express, Inc., to

the plaintiff, stating:

> It has come to my attention that you left a
> jobsite in New Jersey without having
> authorization to do so. I can understand you
> were being held up, and the delay was going to
> make you late for a personal appointment;
> however, you should have stayed at the site for
> further instruction. Not only did you disregard
> the customer by yelling, and cursing, and
> subsequently leaving the site, but also, you
> jeopardized our relationship with the broker.
>
> Unfortunately, I have no other choice but to
> terminate your position as a company driver.
> Please take the time to clean out your truck,
> and return any and all property of Bull's-Eye
> Express, Inc.
>
> Thank you.
>
>
> Best Regards,
>
>
> Rick Keller
> President

Doc. 16-1, page 58. This letter, in the absence of any summary

judgment affidavit of Keller, does not as a matter of the

17

Federal Rules of Evidence and Rule 56 of the Federal Rules of Civil Procedure provide any basis for any inference relevant to the material factual issues whether there was a non-discriminatory reason for the termination of the plaintiff and whether the stated reason was pretextual.  The court can not conclude from a letter in the absence of an affidavit based upon personal knowledge that the letter supports any particular material inference as to the substance matters addressed in the letter.  The defendant needed to present the affidavit of Rick Keller to provide evidence of the justification for the termination of the plaintiff.  The letter for purposes of the pending motion may be considered to show that a legitimate non-discriminatory reason was articulated for firing the plaintiff.

The issue whether under the circumstances presented by the plaintiff, and in view of the different outcome for a male driver (Poleman Brown) in materially the same circumstances, the justification given by the defendant is pretextual is an issue that is not free from dispute on this summary judgment record.

There is a genuine dispute as to the issue of pretext.
The summary judgment evidence, which does not include any
affidavit of the defendant's decision maker or any explanation
of the rationale for the difference in employer treatment of
Poleman Brown and of Patty Brown, does not provide an
evidentiary basis for a determination that it is not genuinely
in dispute whether the reason stated for the adverse employment
action taken against plaintiff Patty Brown is a pretext.

**The Uniforms, Overtime and Pay Discrimination Claims**.

The plaintiff also claims in her complaint that she was
not treated equally in comparison to male employees as to
uniforms, overtime and pay.

Addressing the plaintiff's claim that she was not
provided with a uniform, the defendant argues that the
complaint "does not have the necessary gender base nexus."
Doc. 16, page 6.  The plaintiff's complaint alleges only that
she was not treated fairly and equally to the men in regards to
uniforms.  At her deposition, she was asked about her uniforms
claim.  She did not provide any basis for any inference of sex

19

discrimination.  The defendant is entitled to summary judgment as to that claim, in that the plaintiff does not show that she has a basis for the threshold *McDonnell Douglas* showing that the male employee was treated differently as to this incident of employment.

Addressing the plaintiff's claim of sex discrimination in pay and in overtime, the defendant questioned the plaintiff during her deposition as to her grounds for alleging a different outcome for male employees than for her.  She replied that she had not received pay and mileage reimbursement for the trip that led to her termination although a male driver, Poleman Brown, did.  Apart from that she does not show that she has any evidence to satisfy the *McDonnell Douglas* threshold showing of an adverse employment action and a different treatment of a male employee as to pay and overtime.  The defendant is entitled to summary judgment as to the pay and the overtime pay claims because the plaintiff does not show that there is a genuine dispute as to the material factual issue of different treatment by the employer of a member of the other sex.

20

**Conclusion**.

The defendant is entitled to summary judgment as to the plaintiff's claims of sex discrimination in the provision to employees of uniforms, in the payment of overtime to employees and in the payment of employees (except for her pay and mileage for the trip leading to her termination) because the plaintiff has presented no evidence of a different treatment of a male employee and the plaintiff, a female employee.

The defendant is not entitled to summary judgment as to the plaintiff's claim of sex discrimination in the distribution of raincoats to employees at a time when employees were required by the employer to work outdoors in the rain and as to the plaintiff's claim of sex discrimination in her termination by the defendant from her employment because, although the defendant provides a legitimate non-discriminatory reason for each decision, each decision involved a situation where a similarly situated male employee was treated differently and because the issue of pretext is genuinely in dispute.

**Recommendation**.

It is recommended that the defendant's motion (Doc. 15) for summary judgment be granted in part and denied in part.  It should be denied as to the plaintiff's claims of sex discrimination in the distribution of raincoats to employees on August 16, 2005, her claim of the defendant's sex discrimination in the termination of her employment on August 25, 2005 and her claim of sex discrimination in pay as to her August 2005 New Jersey trip.  The defendant's motion for summary judgment should, otherwise, be granted.

The discovery period has expired.  The dispositive motion deadline has passed.  The case should be listed for trial.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  July 27, 2011.