IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATTY A. BROWN, | : | |
| Plaintiff, | : | 1:09-cv-2529 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| BULL'S E YE EXPRESS, | : | Hon. J. Andrew Smyser |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### August 19, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 21), filed on July 27, 2011, which recommends that we grant in part and deny in part the Defendant's Motion for Summary Judgement. (Doc. 15). No objections to the R&R have been filed by either party and the time to do so has lapsed.[1] Accordingly, this matter is ripe for disposition. For the reasons set forth below, we shall adopt the R&R in its entirety and this matter shall be listed for trial on the remaining claims.

---

[1] Objections were due by August 15, 2011.

1

I.   **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  Thomas v. Arn, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

II.   **BACKGROUND & DISCUSSION**

Plaintiff Patty Brown ("Plaintiff" or "Brown") filed this action, *pro se*, on December 24, 2009 claiming that her former employer, Defendant Bull's Eye Express ("Defendant"), discriminated against her because she is female.  She claims that the Defendant treated her less favorably then male employees by not providing

her a raincoat when she was required to perform outdoor work although raincoats were provided to male employees. She also claims that the Defendant engaged in sex-based discrimination related to employer-provided uniforms, overtime, pay and job assignments. Plaintiff claims her ultimate discharge from employment was the result of sex-based discrimination. Accordingly, she brings claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

The Defendant filed a Motion for Summary Judgment as to all claims on March 31, 2011. (Doc. 15). The Motion was fully briefed by the parties and, thereafter, on July 27, 2011, Magistrate Judge Smyser rendered the instant R&R, recommending that the Motion be denied in part and granted in part. Specifically, Magistrate Judge Smyser recommends that the Motion be denied with respect to Plaintiff's claims regarding: (1) the distribution of raincoats to employees on August 16, 2005; (2) discriminatory termination; and (3) discrimination in pay related to her August 2005 New Jersey trip. The Magistrate Judge recommends that summary judgment should be granted with respect to all other claims of discrimination alleged by Plaintiff.

As we have already mentioned, neither Defendant nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its

entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>.

Inasmuch as the discovery period in this matter has expired and dispositive motions have now been disposed of, this matter will be placed on a trial term.[2]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The R&R of Magistrate Judge Smyser (Doc. 21) is **ADOPTED** in is entirety.

2. The Defendant's Motion for Summary Judgment (Doc. 15) is **GRANTED IN PART** and **DENIED IN PART** to the extent reflected in this Memorandum and Order and as in the R&R.

3. This case is placed on the November 2011 trial term with Jury Selection to commence on November 2, 2011. A pre-trial conference shall be conducted on October 3, 2011 at a time to be set by further Order of this Court.

---

[2] If the parties desire to mediate this matter, they shall contact the Court via letter filed on the docket. Additionally, if the parties consent to Magistrate Judge Smyser presiding over trial in this matter, they shall so advise the Court via letter filed on the docket.

s/ John E. Jones III
John E. Jones III
United States District Judge